IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVIN ROCKNEY NORRIS,

    Plaintiff,

  vs.                                     No. CIV. S-11-0352 GGH P

SHASTA COUNTY, et al.,

    Defendants.         ORDER

_____/

       Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

       The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

7            A complaint must contain more than a "formulaic recitation of the elements of a
8  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
9  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
10 "The pleading must contain something more...than...a statement of facts that merely creates a
11 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
12 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
13 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
14 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
15 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
16 the court to draw the reasonable inference that the defendant is liable for the misconduct
17 alleged." Id.

18            Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
19 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
20 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
21 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
22 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

23            Plaintiff's filing wholly violates Fed. R. Civ. P. 8.  Fed. R. Civ. P. 8 sets forth
24 general rules of pleading in the federal courts.  Complaints are required to set a forth (1) the
25 grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
26 showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  The complaint

meets none of these requirements. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (abrogated on another ground by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007)); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Plaintiff purports to sue the following: Shasta County; Shasta County Mental Health Department; Shasta County Sheriff and Deputies; State Police; Redding Police and Jailers; RABA Transit System; Redding City and County employees; City of Redding Attorney; Ray Duree[1]; Shasta Regional Hospital; Judge Ruggero; Shasta County Public Defender A. Hart; Shasta County Clerk; Anderson Police Department. Complaint, p. 1. Plaintiff fails, however, to set forth any coherent allegations against any of these municipalities, agencies or individuals. See Complaint. Instead, plaintiff appears to have attached a series of random documents to his initial page wherein defendants are set forth. As a result, the court cannot discern the gravamen, if any, of his complaint.

The entire complaint will be dismissed but plaintiff will be granted leave to amend. Should he do so, however, plaintiff is informed that as to any potential allegations against defendant Judge Ruggero, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The

---

[1] It is unclear whether plaintiff is stating the Ray Duree is the attorney for the City of Redding or another individual.

1  two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

As to any of plaintiff's potential claims, not revealed in his complaint, against Shasta County Public Defender A. Hart, plaintiff should be aware that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The Supreme Court has determined that a public defender does not act on behalf of the state when performing his role as counsel for a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); see also, Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender is not a state actor subject to suit under § 1983 because his function is to represent client's interests, not those of state or county).

Plaintiff is informed, in general, that under Fed. R. Civ. P. 18(a): "A party asserting a claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id. It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons ...may be joined in one action as defendants if: (A) any

4

right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." However, for example, "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions" is the kind of "buckshot" complaint that should be rejected. George v. Smith, 507 F.3d at 607. In this instance, the complaint does not even rise to the level of the type of "mishmash of a complaint" (id.) that has been roundly repudiated inasmuch as plaintiff has even failed to put together even unrelated allegations against the multiplicity of defendants. As noted, the complaint is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, as for plaintiff's request for appointment of counsel,[2] the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel to represent an indigent civil litigant. First, however, the court must evaluate both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See, e.g., Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).  On the record before it, the court cannot find a likelihood of success on the merits.  See Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984) (motions to appoint counsel granted only in exceptional circumstances and at discretion of trial court).  The request will be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's February 8, 2011, request for leave to proceed in forma pauperis (Docket No. 3) is granted.

2. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

3. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

4. Plaintiff's February 8, 2011, request for the appointment of counsel (Docket No. 2) is denied.

DATED: March 28, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:009
norr0352.b

---

[2] Plaintiff actually identifies himself as a "defendant" and seeks a "substitution" of counsel, but the court will construe the filing as a request for appointment of counsel in the context of this action.  See Docket No. 2.

6